FEE *et al. v.* ORIENT FERTILIZING Co.

*(District Court, E. D. New York.* September 24, 1888.)

1. SEAMEN—WRONGFUL DISCHARGE—DAMAGE—FISHING VESSEL.

A master and crew wrongfully discharged by the owner of a fishing vessel from employment under a contract for the entire season, wages to be in the ratio of the quantity of fish caught, may recover damages for such discharge, based upon the amount they would have received as wages on the catch of the whole season, less the amount actually paid them, and any wages earned by them during the season after their discharge.

2. SAME—RELEASE AND DISCHARGE.

A receipt by the master in such case for his wages in full to the time of his discharge is no bar to a libel for wages for the residue of the season, the evidence showing that it was not intended as a settlement for the wrongful discharge.

In Admiralty.

Libel by John Fee, the master, and others constituting the crew, of the fishing vessel D. K. Phillips, to recover damages for wrongful discharge.

*Goodrich, Deady & Goodrich,* for libelants.
*Evarts, Choate & Beaman,* for claimant.

BENEDICT J.   This is an action on the part of the master and crew of the fishing steamer D. K. Phillips to recover damages of the owner of that steamer for a wrongful discharge.   The demand of the master, John Fee, will first be considered.   The master was hired on the 12th of May to run the steamer D. K. Phillips on the following terms: Twenty-five cents per thousand for the first two millions of fish caught; thirty cents per thousand on two millions to two millions five hundred fish caught; thirty-five cents per thousand on two million five hundred thousand to three million fish caught; forty cents per thousand fish caught in excess of three millions.   The master entered into the service of the defendant under this contract, took charge of its vessel, received for it a license as a fishing vessel, hired a crew, as usual, and engaged in the business of fishing for menhaden.

The contract entered into with the master was a contract for the season.   Its terms show that by necessary implication.   The usage, as proved in the case, confirms that construction.   Under such a contract the master was entitled to run the vessel for the season, unless discharged meanwhile for proper cause.   After a few weeks of service he was discharged, and the question of the case is whether he was discharged for a sufficient cause.   The answer sets up drunkenness as one cause.   The testimony wholly fails to prove this charge.   Drunkenness is not proved, and no facts are proved to justify a reasonable suspicion of such misconduct on the part of the master.   The second ground pleaded is that, in the year before, this master, while in command of the same steamer, then owned by a different corporation from the corporation here defendant, without the authority of the owner used the vessel on one Sunday to take a pleasure excursion with 15 or 20 of his own friends. If it be deemed proved that the master made an unauthorized use of the vessel on the former season, that violation of his duty to other defendants afforded the defendant no ground for rescinding its contract with the libelant.   The only other ground on which the discharge is sought to be justified is incompetency, and of this there is no proof.   It must therefore be held that the discharge of the libelant at the time it was made was wrongful, and a violation of the contract, which gave him a right of action for the damages sustained by reason thereof.   A further ground of defense is that at the time of his discharge the libelant was paid for his services up to the day of his discharge, and he then gave them a receipt in full.   But the evidence makes it plain that this was not intended to be a settlement of the libelant's demand for the wrongful discharge, and the receipt of the wages earned up to that time does not prevent him from recovering the damages arising from the refusal to permit him to earn wages for the season.   As to the amount of the damages, the evidence shows that the actual catch of this steamer during that season was three millions of fish, and the amount that would have been earned by the master must be calculated on this basis.   He must allow

credit for the amount received of the defendant by him, and the amount earned by him during the season subsequent to his discharge.

As to the demand of the crew, there seems to be no defense at all. They were employed by the master for the defendant. They were engaged for the season, and they were discharged without any cause whatever. They are each entitled to receive the amount they would have earned during a service of six months, less the amount of their actual earnings during that period, and any sums that have been paid them. If the parties cannot agree upon these amounts, let there be a reference to compute the amounts due the respective libelants upon the basis above indicated.